## Kolb Shoe Manufacturing Company v. Roth

*Welles, Mumford & Stark*, for plaintiff; *J. Julius Levy*, for defendant.

NEWCOMB, P. J., August 17, 1932.—This is an action of assumpsit on a contract guaranteeing payment of a merchant's account.

This issue is on exceptions to the guarantor's affidavit of defense.

The contract is in writing bearing date of March 27, 1929, and effective for a period of two years from that date to secure credit for the Weitzen Shoe Company in an amount not to exceed $1500.

On the face of plaintiff's statement, credit was extended accordingly, of which there is a balance of upwards of $1100, payment whereof has been refused by the shoe company.

The material averments as to the state of the account are not denied. Defendant has contented himself with the sweeping assertion in each instance that "it is neither admitted nor denied; that he has no knowledge thereof; that after reasonable investigation he is unable to ascertain whether or not the facts alleged by plaintiff are true; and the means of proof are under the exclusive control of plaintiff; wherefore he demands that proof of such facts be made by plaintiff."

Apparently defendant seeks to avail himself of the immunity conferred by the Act of June 12, 1931, P. L. 557, amending section eight of the Practice Act of 1915.

But it is not to be supposed that a sweeping conclusion framed in the words of the statute was intended to satisfy its requirement.

Defendant is entirely noncommittal as to both the nature of his investigation and the sources of information, if any, to which he has resorted.

No doubt the shoe company was on speaking terms with him and could have thrown some light on the subject. Yet, if inquiry was made in that quarter he has not seen fit to disclose it, save as it might be so conjectured. It may be noted that paragraph six has something to say about certain credits to which the shoe company is entitled—a matter rather suggestive of some knowledge of the account.

His averments are believed to be insufficient to bring defendant within the saving grace of the amendment above referred to, and the affidavit must, therefore, be adjudged evasive.

The exceptions are accordingly sustained and judgment directed for plaintiff at the end of ten days unless a sufficient affidavit be filed in the meantime.

From William A. Wilcox, Scranton, Pa.